[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION FOR ADDITUR
The plaintiff has moved for additur pursuant to Practice Book Section 16-35 and Section 52-228b of the General Statutes.
The case involved an automobile rear-end collision and resulted in a jury verdict on December 5, 2002 for the plaintiff against the defendant in the amount of $1,235.53 economic damages with no award of non-economic damages.
The defendant did not present evidence contesting liability at trial.
With respect to damages, the plaintiff presented evidence of medical treatment and expenses in the amount of $5,424.00, covering the period from April 12, 2000 to October 19, 2000 which were essentially uncontroverted by the defendants. Immediately following the accident, she was transported by Ambulance to Lawrence Memorial Hospital; she received emergency room treatments at Lawrence Memorial Hospital, treatment with Dr. Miller of Thames Orthopedic Group, as well as physical therapy and various diagnostic tests ordered by Dr. Miller. Dr. Miller restricted the plaintiff from work until on or about September 18, 2000 when his report indicates that she was released to light duty. On October 19, 2000, Dr. Miller completed his treatment of the plaintiff.
In addition to this medical treatment, the plaintiff presented evidence of her chiropractic care and additional physical therapy subsequent to October 19, 2000. She also presented bills for that chiropractic treatment of approximately $6,300.00.
The defendants presented expert testimony of Dr. Yoel, a chiropractor. The defendant's expert did not contest whether plaintiff's treatment up to October 19, 2000 was related to the accident or whether it was reasonable or necessary. Further, he did not question the reasonableness of the costs for this treatment of $5,424.00. CT Page 2275
The defendant's expert did, however, present evidence questioning the reasonableness and necessity of plaintiff's chiropractic treatment and physical treatment after October 19, 2000. He further questioned Dr. Flaherty's opinion with regard to plaintiff's permanent disability. The defendants presented evidence of plaintiff's prior back complaints, including evidence of a back injury at a prior employer, although there was no evidence that she had sustained a permanent impairment as a result of that injury.
The plaintiff also presented testimony and evidence that prior to the accident which is subject of this case, she was gainfully employed and was not experiencing back pain or problems.
The plaintiff presented evidence that at the time of the accident she had been employed earning an average weekly wage of $155.00 per week, and that she was totally disabled from work for twenty-two (22) weeks, from April 12, 2000 until released to light duty by her physician, Dr. Miller on September 15, 2000. This evidence of plaintiff's temporary disability and lost wages in the amount of $3,410.00 as a result of said accident was uncontroverted. Defendant's expert did not offer an opinion contradicting Dr. Miller's opinion that the plaintiff was disabled from work during that period of time.
The plaintiff presented testimony that as a result of the accident which was subject of this action she suffered significant physical pain, emotional distress and mental anguish and that she continued to suffer from pain. Plaintiff's expert, Dr. Flaherty, offered an opinion as to the degree of permanent impairment. The defendant's expert questioned Dr. Flaherty's opinion, however, he testified that he could not render an opinion as to the degree of permanency because he did not examine the plaintiff.
The trial court must view the evidence offered at trial in the light most favorable to sustaining the verdict. Gaudio v. Griffin HealthServices, 249 Conn. 523 (1999). "However, it is the court's duty to set aside the verdict when it finds that it does manifest injustice, and is . . . palpably against the evidence . . . In determining whether a verdict does such injustice, the only practical test is whether the total damages awarded fall somewhere within the necessarily uncertain limits of fair and reasonable compensation in the particular case, or whether the verdict so shocks the sense of justice as to compel the conclusion that the jury were influenced by partiality, prejudice, mistake or corruption . . . A direct showing of partiality, prejudice, mistake or corruption is not required. If the amount awarded `shocks the sense of justice' as to CT Page 2276 what is reasonable, then the inferred conclusion is that the jury was misguided in reaching its decision." Malmberg v Lopez, 208 Conn. 675, 679
(1988) (internal citations and quotations omitted).
In this case the court concludes that, in view of the evidence, the award of damages does, in fact, shock the sense of justice and could not have been reached without mistake, partiality or prejudice both as it relates to economic and non-economic damages.
Accordingly the motion is granted. An additur is ordered to result in economic damages of $8,834 (consisting of $5424 medical expenses and $3410 lost wages) and non-economic damages of $10,000 (for the pain and suffering which the court concludes the evidence demanded) resulting in a total award for the plaintiff of $18,834.00.
The defendants have fourteen days from this date to file their written acceptance of the additur with the clerk's office. If the acceptance is so filed, judgment shall enter for the plaintiff in the amount of $18,834 plus costs. If no acceptance is filed within the time limit, the motion to set aside the verdict is granted and a new trial is ordered.
Robert C. Leuba, JTR CT Page 2277